# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

NOEL LUGO-ESTRADA

Plaintiff

v.                                                                                          CIVIL NO. :  14-1711

UNITED STATES OF AMERICA

Defendant

_____/

## COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, Noel Lugo-Estrada, through the undersigned legal counsel, respectfully states, alleges, and prays as follows:

## INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for negligence and professional malpractice in connection with medical care provided to Plaintiff Lugo-Estrada, during and after, by the Department Veteran's Administration emergency room in San Juan, Puerto Rico.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff Lugo-Estrada has fully complied with the provisions of **28 U.S.C. § 2675** of the Federal Tort Claims Act. *Standard Form* 95 *attached as* **Exhibit 1.**

4. This suit has been timely filed, in that Plaintiff Lugo-Estrada timely served notice of his claim on the Department of Veterans Affairs less than two years after the incident forming the basis of this suit.

5. Plaintiff Lugo-Estrada is now filing this Complaint pursuant **to 28 U.S.C. § 2401**(b) after Receiving the Department of Veterans Affairs' March 24, 2014 notice of "final denial of administrative claim." *Administrative Tort Claim Denial Letter attached as **Exhibit 2***.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Lugo-Estrada is, and at all times relevant hereto was, a resident of Carolina, Puerto Rico.

7. Defendant, United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located in San Juan, Puerto Rico.

8. Defendant United States of America, including its directors, officers, operators, Administrators, employees, agents, and staff at the San Juan V.A. Medical Center are hereinafter, collectively, referred to as "San Juan V.A. Medical Center."

9. **At** all times relevant to this Complaint, the San Juan V.A. Medical Center held, themselves, out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care, services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.  Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11. Jurisdiction is proper under **28 U.S.C. § 1346(b)(l).**

12. Venue is proper under **28 U. S. C. § 1402(b)** in that all, or a substantial part of the acts

and omissions forming the basis of these claims occurred in the District of Puerto Rico

## FACTUAL ALLEGATIONS

13. On September 26, 2011, plaintiff Lugo-Estrada, suffered a bike-riding accident.

14. In said accident, plaintiff Lugo-Estrada fell on the ground over his right shoulder, ultimately landing on his chest.

15. Plaintiff Lugo-Estrada was taken to the V.A Hospital (emergency room), where he was seen on September 27th, 2011 for a pertinent patient evaluation. At that time pertinent chest and shoulder X-ray where taken; the same revealed grade III, acromion, clavicle joint dislocation.

16. Plaintiff Lugo-Estrada was surprisingly discharged from the V.A. Hospital with instructions to perform minimal movement of the affected area, placed with an arm sling, and given pain medication, finally, referred for an evaluation with an orthopedic specialist.

17. Plaintiff Lugo-Estrada's grade III Acromion, clavicle joint dislocation was not relocated nor reduced manually within the first 24 to 48 hours, in order to prevent further damage to the affected area.

18. One week after the accident, a V.A. Hospital, orthopedic surgeon, evaluated plaintiff Lugo-Estrada. A Follow up was scheduled for plaintiff Lugo-Estrada, however no MRI was recommended by the orthopedic surgeon, who did not consider it pertinent at the time.

19. On January, 17th, 2012, plaintiff Lugo-Estrada was seen again at the V.A. Hospital due to another incident related to his dislocated shoulder and his chronic pain condition, which occurred on January 14th, 2012; Plaintiff Lugo-Estrada fell while bathing; his right arm numbed out, losing his balance, not able to hold out to a bathroom bar, causing him to fall on the extremity, and injure his right knee.

20. On January 17th, 2012, due to plaintiff's chronic pain, the V.A. Hospital provided him with physical therapy with no positive results. At this time X-rays where taken of the right knee and the same revealed Degenerative chronic changes with joint narrowing sclerosis and osteophitosis. At this time X-rays where taken of the right knee and the same revealed degenerative chronic changes with joint narrowing sclerosis and osteophitosis. Also, an MRI was performed the same revealed the following: (1) complex's tear of the posteriors horn of medial meniscus; (2) partial tear of posteriors crucial ligament; (3) proximal patelle tendonitis. (4) moderately large joint effusion. A knee brace was advised and sent home.

21. On March 3rd, 2012, V.A. Hospital, orthopedic surgeon reevaluated plaintiff's right shoulder, and at this time a grade 5 Acromion Clavicle joint dislocation was noted and considered for surgery. Plaintiff Lugo-Estrada was treated with multiple pain medication due to his upcoming surgery.

22. At this time the patient has lost much of his ability to transport himself without a proper equipment, "self- propelled wheel chair" due to the fact that he has lost the ability to move his right arm.

23. On January 5th, 2013, at the V.A. Hospital, plaintiff Lugo-Estrada underwent surgery on his right shoulder. Plaintiff, was and still is under extreme pain with limited movement.

24. Plaintiff Lugo-Estrada, due his constant pain, has suffered and continues to suffer anxiety and depression; hence, additionally taking anti-depressive medication.

## CAUSES OF ACTION

**COUNT I – NEGLIGENC**

25. Plaintiff Lugo-Estrada re-alleges and reincorporates each and every allegation above as if fully set forth herein.

Case 3:14-cv-01711-JAG   Document 1   Filed 09/18/14   Page 5 of 7
**Complaint**                                                                 5

26. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

27. The Defendant breached its duty of care to plaintiff Lugo-Estrada.

28. At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including plaintiff Lugo-Estrada. The Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for plaintiff that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

29. The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

30. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including plaintiff Lugo-Estrada.

31. The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

32. As a direct and proximate result of Defendant's negligence, plaintiff Lugo-Estrada sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future. Further, he was forced to endure pain, suffering and mental anguish, and will continue

to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, due to his inability to work, and will continue to lose wages in the future.

33. The acts and/or omissions set forth above would constitute a claim under the law of the Commonwealth of Puerto Rico.

34. The Defendant is liable pursuant to **28 U.S.C. 1346(b )(1).**

## COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

35. Plaintiff Lugo-Estrada re-alleges and reincorporates each and every allegation above as if fully set forth herein.

36**. At** all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

37. **At** all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

38. The directors, officers, operators, administrators, employees, agents and staff negligently, and/or recklessly, directly and proximately caused personal injury to plaintiff Lugo-Estrada, including both acts of omission and acts of commission.

39. As a direct and proximate result of Defendant's negligence, plaintiff Lugo-Estrada sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future. Plaintiff has been forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he

has lost wages, and will continue to lose wages in the future.

40. The acts and/or omissions set forth above would constitute a claim under the law of the Commonwealth of Puerto Rico

41. The Defendant is liable pursuant to 28 U.S.C. 1346(b )(1)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lugo-Estrada, does hereby pray that judgment be entered in his favor and against the Defendant as follows:

1) Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $1,000,000.00; and

2) Costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully, submitted, in San Juan, Puerto Rico, this September 18th, 2014.


**S/ Erick Morales-Pérez, Esq.**
USDC-PR 203211

ERICK MORALES-PEREZ, ESQ
P.O. BOX 10409
SAN JUAN, PUERTO RICO 00922-0409
TEL. (787) 605-8000
EMAIL: ekmorpr@yahoo.com